IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1999 SESSION

FILED

May 13, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| EDWARD D. COKER, | ) | |
| | ) | C.C.A. NO. 01C01-9805-CC-00210 |
| Appellant, | ) | |
| | ) | WILLLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


JOHN HENDERSON                        PAUL G. SUMMERS
District Public Defender              Attorney General & Reporter

EUGENE J. HONEA                       MARVIN E. CLEMENTS, JR.
Asst. District Public Defender        Asst. Attorney General
P.O. Box 68                           John Sevier Bldg.
Franklin, TN 37065-0068               425 Fifth Ave., North
                                      Nashville, TN 37243-0493

                                      RON DAVIS
                                      District Attorney General

                                      DEREK SMITH
                                      Asst. District Attomey General
                                      P.O. Box 937
                                      Franklin, TN 37065-0937


OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner, who was convicted of two counts of theft of services and received an effective sentence of six years, filed a petition for post-conviction relief, alleging ineffective assistance of counsel.  After a hearing, the trial court dismissed the petition, and the petitioner now appeals.  Finding no merit to the petitioner's arguments, we affirm.

The underlying charges in this case, theft of services over one thousand dollars ($1000) and theft of services over five hundred dollars ($500), stem from unpaid hotel bills in late 1993 and early 1994.  The petitioner asked Tony Vick, a life-long family friend who had represented him in other criminal matters, to represent him in this case.  After plea negotiations, the State offered to recommend a suspended sentence after service of forty-five days in jail in exchange for guilty pleas.  Not wanting jail time, the petitioner rejected the State's offer and entered an open plea of guilty.

At the sentencing hearing, the petitioner testified that in 1981, he suffered a brain injury in an automobile accident.  He also testified that before he checked into the first hotel, he had been injured in a work-related accident when watermelons fell on his head.  When he attempted to testify about what a treating physician had told him, the State lodged a hearsay objection, which was sustained. The petitioner then testified that as a result of his injuries, when he experiences stress and pressure, he does whatever is necessary for relief.  He also explained that at the time of the crimes, he was experiencing stress because his mother's husband had kicked him out of the house.

Based on its finding of a lengthy criminal history, the trial court gave the

petitioner the maximum sentences for a Range I standard offender, that is, four years for the theft of services over one thousand dollars ($1000) and two years for the theft of services over five hundred dollars ($500), to be served consecutively in prison. The petitioner appealed, arguing that his sentence was excessive. On appeal, this Court agreed that the trial court should have applied two mitigating factors, that the petitioner's conduct neither caused nor threatened serious bodily injury and that the crimes were motivated by his desire to provide necessities for himself. State v. Edward D. Coker, No. 01C01-9507-CC-00240, Williamson County (Tenn. Crim. App. filed September 19, 1996, at Nashville). This Court disagreed, however, with the petitioner's contention that it should apply mitigating factor (8), that he was suffering from a mental or physical condition that significantly reduced his culpability, because there was no proof his injuries reduced his culpability. See T.C.A. § 40-35-113(8). Even applying two mitigating factors, this Court determined that maximum sentencing was justified given the petitioner's lengthy criminal history and that consecutive sentencing was also appropriate.

In September 1997, the petitioner filed a pro se petition for post-conviction relief, asserting he was denied effective assistance of counsel at the sentencing hearing and on appeal. His appointed counsel moved for an order of mental evaluation, claiming that a mental examination was necessary in order to amend the post-conviction petition. In support of this motion, an affidavit and a 1989 report from Dr. Donald Nassr, a licensed physician who had previously treated the petitioner, was attached. According to Dr. Nassr's 1989 report, the petitioner's injuries from his automobile accident were of the type that "can be very far reaching on the personality" and the "effects on the personality can be wide ranging and completely unpredictable and unknown to the patient." In his affidavit, Dr. Nassr attested he had not examined the petitioner since 1990 and believed that "an up-to-date psychiatric reevaluation" of the petitioner would be necessary to

3

provide the court with "definitive information" on his "present condition or as to his condition at the time of the incidents at issue in this case." In a written order, the trial court summarily denied the petitioner's motion for a mental examination. Although the trial court's order refers to a hearing that was held on the motion and the petitioner acknowledges that such a hearing was held, the transcript is not in the record.

The petitioner's counsel amended the post-conviction petition, alleging inter alia, that Mr. Vick was ineffective for not presenting evidence of the petitioner's brain injuries at the sentencing hearing. The amended petition also alleged that the petitioner's appellate counsel, Tim Street, was ineffective for failing to argue on appeal that the petitioner received ineffective assistance of trial counsel and for failing to present evidence of the petitioner's brain injuries on appeal in order to facilitate this Court's de novo review of the sentencing orders.

At the post-conviction hearing, Mr. Vick testified he was aware of the petitioner's injuries and had employed Dr. Nassr to testify on the petitioner's behalf in a prior criminal case. He testified he had discussed with the petitioner his problems in judgment and had intended to develop this point through the petitioner's testimony at the sentencing hearing. He did not, however, believe that Dr. Nassr would examine the petitioner prior to the sentencing hearing or testify at the hearing because he knew the petitioner could not pay for Dr. Nassr's services and in fact had not paid him for previously rendered services. He also testified that Dr. Nassr never concluded that the petitioner was either insane or incompetent and that there was no additional information Dr. Nassr would have or could have provided if called to testify at the sentencing hearing.

Mr. Street, the petitioner's appellate counsel, testified he had discussed the

4

petitioner's injury with both the petitioner and Mr. Vick before filing the appellate brief. Even though he argued on appeal that mitigating factor (8) should have applied, he was aware that the record did not contain proof to support the petitioner's claim that the residual effects of his brain injury negated his culpability. He testified he asked the petitioner and Mr. Vick to provide medical proof to support this argument, but neither did. As a result, and because he believed that this medical proof should have been introduced at the sentencing hearing, Mr. Street made a tactical decision not to raise ineffective assistance of counsel in his direct appeal.

In denying the petitioner relief, the trial court judge found inter alia that there was no evidence the petitioner was suffering from any psychological deficiency at the time he committed the crimes and that his counsel did not have access to any evidence that, if submitted, would have affected the sentence imposed by the trial court. Moreover, he determined that Mr. Street was not ineffective for arguing that mitigating factor (8) should have been applied even though there was no evidence to support this argument because Mr. Street, as appellate counsel, did not have an opportunity to present new evidence to the appellate court.

The defendant now argues that because of his counsels' failures to introduce proof of his mental condition, it is reasonably probable that he received a lengthier sentence than he would have otherwise. He also contends that the trial court placed him in an impossible legal situation by denying his motion for a mental evaluation and then denying his post-conviction relief petition because the record lacked medical proof of a mental defect that affected his culpability. He urges this Court either to "assume," based on Dr. Nassr's 1989 report, that he was suffering from a mental condition that significantly reduced his culpability or to remand this case for a mental

5

evaluation to be conducted at the State's expense to determine whether he was suffering from a mental condition that significantly reduced his culpability.

Despite the petitioner's suggestion we rely upon Dr. Nassr's 1989 report, the record contains no evidence upon which to conclude that the defendant was suffering from a mental condition that significantly reduced his culpability. Dr. Nassr's 1989 report does nothing more than suggest that the petitioner's injury might have affected his personality in some unspecified way. Even assuming that Dr. Nassr had concluded that the petitioner's personality was somehow affected by his injury, the report, under any reasonable reading, does not even imply that this had significantly reduced the petitioner's culpability.

Moreover, the petitioner has not shown how the trial court abused its discretion in denying his motion for mental evaluation. See State v. Lane, 689 S.W.2d 202, 204 (Tenn. Crim. App. 1984)(decision to deny psychiatric evaluation is reversible only when trial court abuses its discretion). Although a hearing on the motion was apparently held, the record does not contain an account of the evidence presented to the trial court. The record contains only the trial court's written order summarily denying the petitioner's motion, which itself does not show an abuse of discretion. Accordingly, no grounds exist to remand this case for a mental evaluation.

Further, the record contains nothing to even suggest that the petitioner could ever provide proof he was suffering from a mental condition that significantly reduced his culpability. Even assuming that such proof could have been presented, the petitioner has not shown a reasonable probability that applying mitigating factor (8) would have reduced the petitioner's sentence, given the tremendous weight placed upon his

criminal history at the sentencing hearing and on direct appeal. In short, the petitioner has not shown how he has been prejudiced by his counsels' actions in failing to introduce medical proof that might not even exist. Accordingly, he has not shown entitlement to post-conviction relief. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 692, 694 (1984)(petitioner must shown a reasonable probability that his defense was prejudiced in order to receive relief).

Finding no merit to the petitioner's argument, the trial court's denial of post-conviction relief is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
J. CURWOOD WITT, JR., Judge

7